1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

| ARLENE KALEOPA, | ) | Case No. 12-cv-2209-L(KSC) |
|---|---|---|
| Plaintiff, | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | ) | |
| THRESHOLD ENTERPRISES LTD, *et al.*, | ) | |
| Defendants. | ) | |

20     On September 11, 2012, Plaintiff Arlene Kaleopa commenced this class action against

21 Defendants Threshold Enterprises LTD and Source Naturals, Inc., asserting causes of action for

22 violations of California's False Advertising Laws, Unfair Competitions Laws, and Consumer

23 Legal Remedies Act.  Plaintiff filed this action based upon federal diversity jurisdiction under 28

24 U.S.C. § 1332(d).

25     For the following reasons, the Court finds that Plaintiff's complaint is facially deficient

26 and **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject

27 matter jurisdiction.

28 //

1  **I.      LEGAL STANDARD**

2         "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*

3  *Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a

4  statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted).  "It is to

5  be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

6  contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also*

7  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

8         "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant

9  have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236

10  F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*,

11  130 S. Ct. 1181 (2010).  "The citizenship of an LLC is the citizenship of its members." *Garcia*

12  *v. Specialized Express, LLC*, No. ED CV 10-729, 2010 WL 2402889, at *1 (C.D. Cal. June 8,

13  2010).  "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are

14  citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "A

15  plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the

16  existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on

17  having the defect called to its attention or on discovering the same, must dismiss the case, unless

18  the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*,

19  270 U.S. 456, 459 (1926)).

20         Although there has not been a request for dismissal, it is well-established that "a district

21  court's duty to establish subject matter jurisdiction is not contingent upon the parties'

22  arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th

23  Cir. 2004).  Courts may consider the issue *sua sponte*.  *Demery v. Kupperman*, 735 F.2d 1139,

24  1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has emphasized that "district courts have

25  an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v.*

26  *Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*,

27  300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

28  //

12cv2209

## II.    ANALYSIS

In order to invoke this Court's diversity jurisdiction for a class action, the Class Action Fairness Act ("CAFA") requires that at least one plaintiff is diverse from at least one defendant, and that the amount in controversy exceeds $5,000,000. *Luther v. Countrywide Home Loans Servicing*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) (citing 28 U.S.C. § 1332(d)(2)).  For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The issue here is whether Plaintiff satisfies the diversity-of-citizenship requirement under CAFA.  She does not.

In the complaint, Plaintiff alleges that she is "a citizen of California and resident of San Diego County."  (Compl. ¶ 3.)  She also alleges on information and belief that Threshold Enterprises is "a Delaware corporation with its principal place of business in Scotts Valley, California," and that Source Naturals is "a California corporation with its principal place of business in Scotts Valley, California."  (*Id.* ¶ 4.)  To summarize, every party involved in this action at this time is a citizen of California.  *See* 28 U.S.C. § 1332(c)(1).  Consequently, there is no diversity of citizenship.  *See id.*  Therefore, Plaintiff fails to satisfy the citizenship requirement under the CAFA.[1]  *See* 42 U.S.C. § 1332(d)(2).


## III.    CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject matter jurisdiction.  *See Tosco*, 236 F.3d at 499.

---

[1] CAFA also includes a "home state controversy exception" and "local controversy exception," which requires district courts to decline to exercise jurisdiction.  28 U.S.C. § 1332(d)(4); *see also Romo v. Panda Restaurant Grp., Inc.*, No. CV 12-00996, 2012 WL 2564718, at *1 (C.D. Cal. June 29, 2012) (discussing the requirements of the "home state controversy exception"); *Lyddy v. World of Jeans & Tops*, No. 11cv2658, 2012 WL 760570, at *3-4 (S.D. Cal. Mar. 7, 2012) (Miller, J.) (discussing the requirements of the "local controversy exception").  Based on the allegations in the complaint, it also appears that Plaintiff's complaint may fall under one of these exceptions.

12cv2209

1 | If Plaintiff can correct this deficiency in the complaint, she may file an amended complaint by

2 | **September 27, 2012**.  *See* 28 U.S.C. § 1653.

3 |        **IT IS SO ORDERED**.

4 |

5 | DATED: September 12, 2012

6 |                                                              _____

7 |                                                              M. James Lorenz
                                                                 United States District Court Judge

8 | COPY TO:

9 | HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

10 |

ALL PARTIES/COUNSEL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28